# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL WELDON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JONATHAN NICHOLAS KAPETAN,<br>FRESNO SUPERIOR COURT, DOES 1-100,<br><br>　　　　Defendants. | Case No. 1:17-cv-01536-LJO-SKO<br><br>**FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S CLAIMS BE DENIED WITH PREJUDICE IN PART AND WITHOUT PREJUDICE IN PART**<br><br>(Doc. 1)<br><br>**OBJECTIONS DUE: 21 DAYS** |

## I.　　INTRODUCTION

Before the Court is a civil rights complaint, filed on November 17, 2017, by Plaintiff Paul Weldon ("Plaintiff") against Fresno Superior Court and Fresno Superior Court Judge Jonathan Nicholas Kapetan. (Doc. 1 (the "Complaint").) The undersigned has screened Plaintiff's complaint and, for the reasons set forth below, recommends that the complaint be dismissed without prejudice, with leave to amend within thirty days, as to Plaintiff's claims against Judge Kapetan for injunctive relief, pursuant to 42 U.S.C. §§ 1983, 1985, and 1986. The undersigned further recommends that the complaint be dismissed with prejudice as to Plaintiff's claims against Judge Kapetan for damages and declaratory relief, pursuant to §§ 1983, 1985, and 1986, and as to all of Plaintiff's claims against Fresno Superior Court.

//

## II. FACTUAL BACKGROUND

On November 17, 2017, Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this action against Judge Kapetan and Fresno Superior Court.[1] (*See generally* Compl. at 1-2.) On November 21, 2017, the Court granted Plaintiff's application to proceed *in forma pauperis*. (Doc. 3; *see also* Doc. 2.) The events at issue in Plaintiff's complaint stem from Plaintiff's appearance before Judge Kapetan at a November 2015 arraignment on misdemeanor charges of driving under the influence. (*See generally* Compl. at 2-5, 10-21.) Plaintiff contends that Judge Kapetan's actions during the arraignment violated his constitutional rights. (*Id.*)

According to the transcript from the arraignment, which Plaintiff annexed to the complaint as Exhibit A, Plaintiff appeared *in propria persona*. (*Id.* at 9.) While Judge Kapetan was informing Plaintiff of the charges filed against him and the attendant penalties, Plaintiff stated, "Well, actually I'm here to challenge jurisdiction . . . ," and "I'll need all the elements to the arraignment . . . ." (*Id.* at 11.) At Judge Kapetan's direction, the courtroom deputy handed Plaintiff a copy of the criminal complaint. (*Id.* at 13-14.) The following exchange ensued:

> Plaintiff: Who signed the complaint?
>
> Judge Kapetan: One Jenice—appears Saucedo, Deputy Clerk. How do you plea, sir?
>
> Plaintiff: I'm sorry, can you repeat that?
>
> Judge Kapetan: How do you plea?
>
> Plaintiff: No, before that.
>
> Judge Kapetan: Repeat what?
>
> Plaintiff: The name.

---

[1] The undersigned notes that Plaintiff's complaint was timely filed by one day. That is, Plaintiff's complaint would have been time-barred two years after November 18, 2015—the date when the events at issue here accrued. See Jackson v. Barnes, 749 F.3d 755, 761 (9th Cir. 2014), cert. denied, 135 S. Ct. 980 (2015) (stating that the statute of limitations for claims pursuant to 42 U.S.C. § 1983, is two years, incorporating California's limitations period for personal injury claims); Wilson v. Garcia, 471 U.S. 261, 280 (1985) (stating that federal civil rights claims are best characterized as personal injury actions and are governed by the forum state's statute of limitations for personal injury actions); see also *Pino v. Ryan,* 49 F.3d 51, 53 (2d Cir. 1995) (stating that although the statute of limitations is an affirmative defense which may be waived by the defendant, it is appropriate for the court to dismiss *sua sponte*, under 28 U.S.C. § 1915(e)(2), a *pro se* civil rights claim whose untimeliness is apparent from the face of the complaint).

| | |
|---|---|
| 1 | Judge Kapetan: I show Jenice Saucedo. |
| 2 | Plaintiff: Can you spell that for me? |
| 3 | Judge Kapetan: No, sir. It's on the complaint. |
| 4 | Plaintiff: No, sir, it is not. |
| 5 | Judge Kapetan: It's not on yours? |
| 6 | Plaintiff: I don't see it. |
| 7 | . . . . |
| 8 | Judge Kapetan: It's in the lower left hand section, sir. In any event— |
| 9 | . . . . |
| 10 | Plaintiff: I see the Deputy Clerk. Is that scribbling—is supposed to be the name Jenice? |
| 11 | Judge Kapetan: It appears on my complaint, yes, sir. |
| 12 | Plaintiff: Can you spell that for me? |
| 13 | Judge Kapetan: No, sir. I ask you how do you plea? |
| 14 | Plaintiff: I've asked you to spell her name. |
| 15 | Judge Kapetan: Under what authority do you ask me to spell her name? |
| 16 | Plaintiff: Constitution authority. |
| 17 | Judge Kapetan: Show me that Constitutional—either amendment or that section of the Constitution that requires that I give you a deputy clerk's name, when signed your complaint, sir. |
| 18 | Plaintiff: It's not on the complaint. |
| 19 | Judge Kapetan: All right, sir. |
| 20 | Plaintiff: I just told you it says deputy clerk. |

(Compl. at 14-15.)

//

Given Plaintiff's refusal to enter a plea, Judge Kapetan entered a plea of not guilty on Plaintiff's behalf. (Compl. at 16.) Judge Kapetan set Plaintiff's bond at $10,000, and he set dates for the pretrial conference and trial. (*Id*.) At that point, realizing that he would be remanded into custody pending his next court date or his ability to post bond, Plaintiff stated, "Well, if this is what it boils down to, I guess I'm gonna take the alternative. I really don't want to be incarcerated." (*Id.* at 17.) With that, Judge Kapetan took the matter off the record, and, as Plaintiff alleges, Judge Kapetan kept Plaintiff handcuffed while a public defender was summoned to the courtroom. (*Id.* at ¶¶ 5, 7; *see also id.* at 9.) Sometime later that same day, Judge Kapetan recalled the case. (Compl. at 9.) Plaintiff withdrew his request to represent himself and agreed to the appointment of a public defender. (*Id*. at 17-19.) The following exchange ensued regarding Plaintiff's plea:

> Judge Kapetan: Have you had enough time to discuss this matter with your attorney?
>
> Plaintiff: Yes.
>
> Judge Kapetan: Did you understand everything you signed and/or initialed on the [change-of-plea] form?
>
> Plaintiff: Yes.
>
> Judge Kapetan: You're charged in count one with a violation of Vehicle Code 23152(b). How do you plead?
>
> Plaintiff: Well, I have to plead no contest.
>
> Judge Kapetan: You don't have to plead anything.
>
> Plaintiff: Well—
>
> Judge Kapetan: How do you plea?
>
> Plaintiff: No contest.
>
> Judge Kapetan: Do you understand no contest plea is treated the same as a guilty plea for sentencing purposes?
>
> Plaintiff: Yes.

> Judge Kapetan: Based on your representation, I'll accept the no contest plea as being freely, voluntarily, and intelligently entered. I'll sign and incorporate the change of plea form into the record.

(*Id.* at 10-11.)

Plaintiff's complaint states a cause of action under 42 U.S.C. § 1983 for various constitutional violations. (Compl. 1 ¶¶ 8-9.) In particular, Plaintiff appears to allege, first, that he was denied due process of law because Judge Kapetan did not provide him a true copy of the complaint and the name of the person who signed it. (*Id.* ¶¶ 2-3.) Plaintiff alleges, second, that he was falsely imprisoned when Judge Kapetan kept him handcuffed for the period of time during the arraignment while a public defender was summoned to the court room to represent Plaintiff. (*Id.* ¶¶ 5, 7-8.) Third, Plaintiff alleges that he was coerced to plead guilty because he faced a Hobson's choice between pleading guilty or remaining in custody until his trial. (*Id.*) Plaintiff's complaint states a second cause of action under 42 U.S.C § 1986, and, construing the complaint liberally, 42 U.S.C. § 1985, for breach of contract. (*Id.* at 2, 5.) That is, the complaint alleges that Judge Kapetan violated his "oath to uphold and defend the United States Constitution" by virtue of violating Plaintiff's constitutional rights and subjecting him to public ridicule, humiliation, and embarrassment. (*Id.* ¶¶ 6, 10.) The complaint seeks judgment against Judge Kapetan and Fresno Superior Court, money damages and fines, and an order "remand[ing] and remov[ing] [Judge Kapetan] from office pursuant to 18 U.S.C. § 1918." (*Id.* ¶ 14.)

After screening Plaintiff's complaint, the Court finds that Plaintiff has failed to state any cognizable federal claims for the reasons set forth below.

### III. SCREENING REQUIREMENT

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that the amended complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

The Court's screening of the amended complaint under 28 U.S.C. § 1915(e)(2) is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). Moreover, since Plaintiff is appearing pro se, the Court must construe the allegations of the amended complaint liberally and must afford plaintiff the benefit of any doubt. *See Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Further, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (internal citations omitted).

## IV. DISCUSSION

Plaintiff names Judge Kapetan and Fresno Superior Court as defendants in this action, and he alleges violations of §§ 1983, 1985, and 1986. (*See generally* Compl. 4-5.) Plaintiff requests "judgment against the defendants," that Judge Kapetan be "remand[ed] and remov[ed] from office pursuant to 18 U.S.C. § 1918," that Judge Kapetan be "confine[d] or fine[d] . . . for damages to plaintiff for deprivation of rights under color of authority," and that the Court "insert penalties provided for violations of oath [of] office." (*Id.* ¶ 14.)

### A. Plaintiff's Claims Against Fresno Superior Court Are Barred by the Eleventh Amendment.

Plaintiff seeks relief pursuant to §§ 1983, 1985, and 1986 against Fresno County Superior Court as an institution. The Eleventh Amendment bars suit for money damages, declaratory relief, or prospective injunctive relief against the Superior Court—an arm of the state. *See Simmons v. Sacramento Cnty. Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) ("Plaintiff cannot state a claim against the Sacramento County Superior Court (or its employees), because such suits are barred by the Eleventh Amendment."), citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989); *see also Hirsch v. Justices of the Supreme Court*, 67 F.3d 708, 715 (9th Cir. 1995) ("The Eleventh Amendment's grant of sovereign immunity bars monetary relief from sta[t]e agencies such as California's Bar Association and Bar Court."); *Root v. Schenk*, 953 F.Supp. 1115, 1120 (C.D. Cal. Jan. 21, 1997) (stating that the Eleventh Amendment bars suit for either damages or injunctive relief against the superior court) (citing *Shaw v. Dep't of Alcoholic Beverage Control*, 788 F.2d 600, 603-04 (9th Cir. 1986) (holding that suit for prospective injunctive relief against a state would be barred); *Greater L.A. Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987) ("[A] suit against the Superior Court is a suit against the State, barred by the eleventh amendment."); *Bradley v. Tuolumne Cnty. Superior Court*, No. 1:15-cv-00531, 2016 WL 121785, *3 (E.D. Cal. Jan. 12, 2016) (finding plaintiff's § 1983 claim against Tuolumne County Superior Court to be barred by the Eleventh Amendment).

Fresno Superior Court is not amenable to suit, and Plaintiff therefore does not and cannot state cognizable claims under §§ 1983, 1985, and 1986 against Fresno Superior Court. Accordingly, the undersigned recommends that Fresno Superior Court be dismissed with

prejudice. *See*, *e.g.*, *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (dismissing claim with prejudice as futile where plaintiffs would have been unable to state a cognizable claim).

**B.      Plaintiff Fails to State Any Cognizable Claims Against Judge Kapetan.**

      **1.      Money Damages and Declaratory Relief**

           **a.      Plaintiff's Claims are Barred by *Heck v. Humphrey*.**

Plaintiff seeks money damages and declaratory relief for Judge Kapetan's purported violation of 42 U.S.C. §§ 1983, 1985, and 1986. (Compl. ¶ 14.) To recover money damages or declaratory relief under §§ 1983, 1985, and 1986, a plaintiff must show that a judgment in plaintiff's favor would not imply the invalidity of his conviction or sentence, and, if it would, that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477 (1994); *see also Harvey v. Waldron*, 210 F.3d 1008, 1013 (9th Cir. 2000) ("Under the Court's holding in *Heck*, a § 1983 action that would call into question the lawfulness of a plaintiff's conviction or confinement is not cognizable[.]"); *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (per curiam) ("*Heck* precludes a section 1983 claim based on actions which would render a conviction or sentence invalid where that conviction has not been reversed, expunged or called into question by issuance of a writ of habeas corpus.") (internal quotation marks and citation omitted).

Here, a backward looking judgment for damages or declaratory relief in Plaintiff's favor would necessarily call into question the validity of Plaintiff's DUI conviction. Particularly, a finding that Plaintiff's no-contest plea to DUI was not voluntary and intelligent, as Plaintiff alleges in the complaint, would imply not only that his no-contest plea to the DUI charge was invalid but also that the conviction itself was invalid. *See Torres v. Mueller*, 2001 WL 58971, *3 (N.D. Cal. Jan. 12, 2001) ("*Boykin* holds that a conviction is constitutionally invalid if the defendant pleads guilty without voluntarily and intelligently waiving his rights to jury trial, to confront the witnesses against him and to remain silent.") (citing *Boykin v. Alabama*, 395 U.S. 238, 244 (1969)); *see also Pena v. Allison*, 1:11-cv-00467, 2013 WL 3212371, *5 (E.D. Cal. Jun. 24, 2013) ("The Constitution requires that a plea be knowing, intelligent, and voluntary.") (citation omitted).

Additionally, Plaintiff's allegation that he was deprived of due process by Judge Kapetan's purported failure to provide Plaintiff with the criminal complaint and to identify the person who signed it, if true, would also imply the invalidity of his conviction. *See*, *e.g.*, *Vonne Ray v. Warner*, No. SA CV 15-01242-JLS (DFM), 2015 WL 5444491, *2-3 (C.D. Cal. Sept. 14, 2015) (finding due process claim of failure to give notice barred by Heck because it would call into question the lawfulness of plaintiff's conviction). Finally, Plaintiff's claim that he was falsely imprisoned by Judge Kapetan during his arraignment, if found true, would imply the invalidity of his conviction. *See Corrigan v. Dale*, 162 F.Appx. 784, 785 (9th Cor. 2006) (finding false imprisonment claim to be *Heck*-barred) (citing *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (holding that *Heck* barred false arrest and false imprisonment claims until conviction was invalidated)).

Plaintiff fails to satisfy *Heck*'s second prong—the favorable termination rule—as well. Plaintiff does not allege that his DUI conviction has been overturned in any way, which, given the analysis above, is required under *Heck*. *See Smithart*, 79 F.3d at 952 ("*Heck* precludes a section 1983 claim based on actions which would render a conviction or sentence invalid where that conviction has not been reversed, expunged or called into question by issuance of a writ of habeas corpus."). Although Plaintiff, who is not currently incarcerated, could not pursue habeas corpus relief because he served no jail time after his conviction, he had ample opportunity to directly appeal his conviction during the two-year period between his arraignment in November 2015 and his filing of the instant complaint in November 2017. Plaintiff's failure to allege that he did in fact directly appeal his conviction, and that it is either currently pending or has been overturned renders his claims for money damages and declaratory relief barred by *Heck*. *See Guerrero v. Gates*, 442 F.3d 697, 706 (9th Cir. 2006) (finding that former prisoner's § 1983 claims were *Heck*-barred because, "though habeas relief for [plaintiff] may be 'impossible as a matter of law,'" plaintiff took no action for three years to challenge his conviction) (quoting *Cunningham v. Gates*, 312 F.3d 1148, 1154 n.3 (9th Cir. 2002)); *cf. Nonnette v. Small*, 316 F.3d 872, (9th Cir. 2002) (granting relief from *Heck*'s bar "only [to] former prisoners challenging loss of good-time credits, revocation of parole or similar matters," not challenges to an underlying conviction).

### b. Judge Kapetan is Immune from Damages and Declaratory Relief.

Even if Plaintiff's claims for money damages and declaratory relief were not *Heck*-barred, these claims would be barred by the doctrine of judicial immunity. "Judges are absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts . . . A judge loses absolute immunity only when [the judge] acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988). Judges are immune from declaratory relief actions, as well. *Craig v. Villicana*, 676 Fed.Appx. 716 (9th Cir. 2017) (citing *Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996) (finding that judicial immunity extends to declaratory and other equitable relief)). "Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986); *see also Miller v. Davis*, 521 F.3d 1142, 1145 (9th Cir. 2008). "A state court judge is unqualifiedly immune from suits for damages arising from his or her judicial acts." *Pellum v. Skiles*, No. 1:14-cv-01082, 2014 WL 3671556, *2 (E.D. Cal. Jul. 22, 2014) (citing *Sparks v. Duval Cnty. Ranch Co., Inc.*, 604 F.2d 976, 978-80 (5th Cir. 1979); *Serrano v. People of State of Cal.*, 361 F.2d 474 (9th Cir. 1966) (holding that the Superior Court of California is immune from suit under § 1983)); *see also Dinh Nguy v. Cnty. of Yolo*, No. 2:14-cv-229-MCE-EFB PS, 2014 WL 4446829, *4-5 (E.D. Cal. Sept. 9, 2014) (finding judge immune from damages suit under §§ 1983, 1985, and 1986).

Here, Plaintiff fails to assert any allegations against Judge Kapetan that would show that Judge Kapetan acted outside his judicial capacity. Plaintiff's allegations pertain to Judge Kapetan's conduct in presiding over Plaintiff's arraignment. Particularly, Plaintiff claims that Judge Kapetan falsely imprisoned him when Judge Kapetan kept Plaintiff handcuffed for a short time that day while a public defender was summoned to represent Plaintiff. Ordering that a criminal defendant be handcuffed or shackled or detained in a holding area during an arraignment is clearly a judicial act. *See*, *e.g.*, *Mireles v. Waco*, 502 U.S. 9, 12-13 (1991) (finding judge to be immune from damages suit even where judge ordered the seizure of an individual by means of excessive force—an act clearly outside his legal authority—because the order was given in the

judge's capacity as a judge and not with the clear absence of jurisdiction). Further, Judge Kapetan's conduct in providing Plaintiff with a copy of the criminal complaint and informing him of the person who signed the complaint was also clearly a judicial act. Plaintiff's claim that Judge Kapetan coerced him to plead guilty by setting his bond at $10,000 and informing him that he would be remanded into custody pending his trial (or his ability to post bond) is similarly barred by the doctrine of absolute judicial immunity.

Moreover, even if Judge Kapetan erred or somehow exceeded his authority, Judge Kapetan did not act in clear absence of jurisdiction by his conduct. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) ("[A] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction."); *see also Forrester v. White*, 484 U.S. 219, 227 (1988) (noting that a judicial act "does not become less judicial by virtue of an allegation of malice or corruption of motive).

Consequently, Judge Kapetan is absolutely immune from liability for money damages and declaratory relief under §§ 1983, 1985, and 1986. The undersigned therefore recommends that Plaintiff's claims against Judge Kapetan for money damages and declaratory relief be dismissed with prejudice. *See*, *e.g.*, *Cahill*, 80 F.3d at 339.

### 2. Prospective Injunctive Relief

Plaintiff's request that the Court "remand and remove [Judge Kapetan] from office" for allegedly violating 42 U.S.C. §§ 1983, 1985, and 1986 appears to be backward looking. To the extent that it does look backward, it is also barred by both *Heck v. Humphrey* and the doctrine of judicial immunity. *See supra* Part IV.B.1. Even to the extent that this requested relief is prospective in nature—aimed at preventing Judge Kapetan from committing future harm—Plaintiff fails to state how Judge Kapetan's alleged acts during Plaintiff's November 2015 arraignment entitle Plaintiff to injunctive relief under §§ 1983, 1985, and 1986.[2]

---

[2] It is worth noting that Judge Kapetan is likely shielded by judicial immunity from prospective relief, as well. *See Wolfe v. Strankman*, 392 F.3d 358, 366 (9th Cir. 2004) ("Section 1983 only contemplates judicial immunity from suit for injunctive relief for acts taken in a judicial capacity. The statute provides that 'injunctive relief shall not be granted' in an action brought against 'a judicial officer for an act or omission *taken in such officer's judicial capacity* .

### a. Standard for Injunctive Relief

"An injunction is a matter of equitable discretion; it does not follow from success on the merits as a matter of course." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 32 (2008). A plaintiff seeking injunctive relief bears the burden of proving: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006); *see also W. Watersheds Project v. Abbey*, 719 F.3d 1035, 1054 (9th Cir. 2013) (citations and quotation marks omitted). Additionally, in seeking prospective injunctive relief, a plaintiff must allege facts that if proven would establish that he is likely to suffer future injury if the defendant is not so enjoined. *See Hodgers-Durgin v. De La Vina*, 199 F.3d 1037, 1042 (9th Cir. 1999); *see also City of L.A. v. Lyons*, 461 U.S. 95, 101-02 (1983) (holding that the threat must be "real and immediate" as opposed to "conjectural or hypothetical"). The standards for permanent injunction and preliminary injunction are essentially the same with the exception that for a permanent injunction to issue, the plaintiff must ultimately show actual success on the merits, instead of probable success on the merits. *Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 546 n.12 (1987).

### b. 42 U.S.C. § 1983 Claims

First, Plaintiff fails to allege that he suffered irreparable injury in violation of § 1983. Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). To state a claim under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania*, 36 F.3d

---

. . unless a declaratory decree was violated or declaratory relief was unavailable.'" (quoting 42 U.S.C. § 1983 (emphasis in original))).

12

1250, 1255-56 (3d Cir. 1994).

### i.    False Imprisonment

Plaintiff asserts a false imprisonment claim against Judge Kapetan, because Plaintiff was kept in handcuffs "for a time that Kapetan went 'off the record'" during the arraignment." (Compl. ¶ 7.) "[F]alse imprisonment is based upon the Fourth Amendment's prohibition against deprivation of liberty without due process of law." *Fitzgerald v. Martin*, No. 16-3377, 2017 WL 3310676, *10 (E.D. Pa. Aug. 3, 2017) (citing *Baker v. McCollan*, 443 U.S. 137, 415 (1979); *see also Mackinney v. Nielsen*, 69 F.3d 1002, 1009 (9th Cir. 1995) ("We examine such claims of improper confinement or false imprisonment using either a due process or a Fourth Amendment analysis.") (internal citations omitted). To bring a § 1983 claim for false imprisonment under the Fourth Amendment, "the plaintiff must show that the defendant unreasonably caused the restriction of the plaintiff's liberty under the circumstances then existing and apparent. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 924 (9th Cir. 2001) (citing *Wallace by Wallace v. Batavia School Dist.*, 68 F.3d 1010, 1014 (7th Cir. 1995) (reasoning that non-law enforcement government actor violates the Fourth Amendment only when the restriction of liberty is unreasonable under the circumstances then existing and apparent).

Plaintiff fails to allege precisely how Judge Kapetan's act of keeping Plaintiff in handcuffs during his arraignment was unreasonable under the circumstances. *See*, *e.g.*, *U.S. v. Howard*, 480 F.3d 1005, 1014 (9th Cir. 2007) (upholding a court shackling policy); *see also generally Albright v. Oliver*, 510 U.S. 266, 274 (1994) (explaining that the Fourth Amendment addresses pretrial deprivations of liberty); *Maryland v. Buie,* 494 U.S. 325, 331 (1990) (the Fourth Amendment does not prohibit all seizures of persons, only unreasonable ones).

For the same reasons, Plaintiff fails to state a claim under California state law—to the extent he intended to raise the claim under state law—as he does not allege any facts showing that Judge Kapetan's restraint of Plaintiff was unreasonable under the circumstances. *See* Cal. Pen. Code § 236 (defining false imprisonment as "the unlawful violation of the personal liberty of another); *see also Blaxland v. Commonwealth Director of Public Prosecutions*, 323 F.3d 1198, 1205 (9th Cir. 2003) (citations omitted) (listing the elements for false imprisonment under

California law as (1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time). Accordingly, Plaintiff's complaint fails to state a claim for false imprisonment under either § 1983 or California state law.

### ii. Due Process Notice

Plaintiff further claims that Judge Kapetan failed to provide him with a copy of the criminal complaint and failed to identify the name of the person who signed the complaint, thereby depriving Plaintiff of due process. (Compl. ¶ 2.) "The due process clause of the Fourteenth Amendment mandates that whatever charging method the state employs must give the criminal defendant fair notice of the charges against him to permit adequate preparation of his defense." *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984) (citing In Re Ruffalo, 390 U.S. 544 (1968))

The arraignment transcript, which Plaintiff annexed to his complaint, makes clear that Judge Kapetan did indeed provide Plaintiff with fair notice of the charges against him and also provided him with a copy of the criminal complaint. (Compl. at 13-14.) Further, Judge Kapetan read the charges to Plaintiff along with the attendant penalties. (*See id.* at 5-8.) When Plaintiff asked Judge Kapetan for the name of the person who signed the complaint, Judge Kapetan read the name to Plaintiff. (*Id*. at 6-8.) Thus, Plaintiff fails to allege a violation of his due process right to notice.

### iii. Voluntariness of Plaintiff's No-Contest Plea

Finally, Plaintiff alleges that he was coerced to plead guilty because he faced a Hobson's choice between pleading guilty or remaining in custody until his trial. (Compl. ¶ 5.) The Fourteenth Amendment Due Process Clause imposes certain requirements to ensure the validity of a guilty plea. *Brady v. U.S.*, 397 U.S. 742 (1970). A plea "is constitutionally valid only to the extent it is 'voluntary' and 'intelligent'." *Bousley v. U.S.*, 523 U.S. 614, 618 (1998) (quoting *Brady*, 397 U.S. at 748). The voluntariness of a plea is determined by "considering all of the relevant circumstances surrounding it." *Brady*, 397 U.S. at 749. Before the trial court may accept a guilty plea, the court must ensure that the defendant "has a full understanding of what the plea connotes and of its consequence." *Boykin v. Alabama*, 395 U.S. 238, 244 (1969). A guilty plea is invalid if the defendant does not understand the nature of the constitutional protection that he is

waiving or if he has such an incomplete understanding of the charges against him that his plea cannot stand as an admission of guilt. *Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976).

Plaintiff fails to allege any facts indicating that his no-contest plea was anything but voluntary and intelligent. Judge Kapetan initially fully informed Plaintiff of the charges against him and the attendant penalties. (*See* Compl. at 4-5.) Later that day, once Plaintiff retained an attorney, the following exchange ensued regarding Plaintiff's plea:

> Judge Kapetan: Have you had enough time to discuss this matter with your attorney?
>
> Plaintiff: Yes.
>
> Judge Kapetan: Did you understand everything you signed and/or initialed on the [change-of-plea] form?
>
> Plaintiff: Yes.
>
> Judge Kapetan: You're charged in count one with a violation of Vehicle Code 23152(b). How do you plead?
>
> Plaintiff: Well, I have to plead no contest.
>
> Judge Kapetan: You don't have to plead anything.
>
> Plaintiff: Well—
>
> Judge Kapetan: How do you plea?
>
> Plaintiff: No contest.
>
> Judge Kapetan: Do you understand no contest plea is treated the same as a guilty plea for sentencing purposes?
>
> Plaintiff: Yes.
>
> Judge Kapetan: Based on your representation, I'll accept the no contest plea as being freely, voluntarily, and intelligently entered. I'll sign and incorporate the change of plea form into the record.

(*Id.* at 10-11.)

Based on the foregoing, Plaintiff's plea appears to have been freely, voluntarily, and intelligently entered. Foremost, Plaintiff was represented by counsel when he entered his no-

contest plea. *See Marshall v. Lonberger*, 459 U.S. 422, 437 (1983) (plea is presumed valid when the pleading defendant was represented by counsel). Plaintiff acknowledged to Judge Kapetan that he discussed the plea with his attorney, and that he understood everything he signed and initialed on the change-of-plea form. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) (stating that reviewing courts must accord strong presumption of verity to the declarations made by a defendant in open court). Although Plaintiff equivocated, stating that he "ha[d] to plea no contest," Judge Kapetan dispelled that, stating "[y]ou don't have to plead anything." (Compl. at 10.) Plaintiff did not ask to speak any further with his attorney, nor did his attorney interject to raise any issue with Plaintiff's equivocation. Notably, Plaintiff does not indicate in his complaint that he raised this issue or any ineffective-assistance-of-counsel claim on appeal. Plaintiff then acknowledged that he understood the consequences of pleading no-contest. On these facts, Plaintiff fails to establish that his plea was invalid.

Accordingly, Plaintiff fails to state a cognizable claim against Judge Kapetan for injunctive relief under § 1983, and the undersigned recommends that the claim be dismissed without prejudice.

### c. 42 U.S.C. §§ 1985 and 1986 Claims

Plaintiff further fails to establish that he suffered irreparable injury in violation of §§ 1985 and 1986. Plaintiff alleges that Judge Kapetan breached his "oath to uphold and defend the United States Constitution" by violating Plaintiff's constitutional rights discussed above. (*Id.* ¶¶ 6, 10-14.) Section 1985 provides a cause of action for conspiracy to violate a person's constitutional rights, and § 1986 provides a cause of action for failure to prevent such a conspiracy. *See*, *e.g.*, *Griffith v. Breckenridge*, 403 U.S. 88, 102 (1971); *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992).

Plaintiff fails to state a claim under §§ 1985 or 1986, because, as set forth above, Plaintiff fails to allege any constitutional violation. *Id.*; *see also City of Rancho Palos Verdes, Cal. v. Abrams*, 544 U.S. 113, 119-20 (2005) (stating that actions pursuant to 42 U.S.C. § 1985 require an underlying violation of the U.S. Constitution or federal law). Even if Plaintiff were to state a constitutional violation, to satisfy §§ 1985 and 1986 he would need to further allege that such

16

actions were taken against him based on some class-based factor such as racial animus. *Sever*, 978 F.2d at 1536. Plaintiff fails to allege any facts indicating some class-based animus.

As such, Plaintiff fails to state any cognizable claims against Judge Kapetan for injunctive relief under §§ 1985 or 1986. Plaintiff also fails to allege any facts whatsoever that if proven would establish that he is likely to suffer future injury if Judge Kapetan is not so enjoined. *See Hodgers-Durgin*, 199 F.3d at 1042.

### IV. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, the Court RECOMMENDS that Defendant Fresno Superior Court be DISMISSED WITH PREJUDICE and without leave to amend. The Court RECOMMENDS that Plaintiff's claims pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 for money damages and declaratory relief against Defendant Judge Jonathan Nicholas Kapetan be DISMISSED WITH PREJUDICE and without leave to amend.

The Court further RECOMMENDS that Plaintiff's claims pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 for prospective injunctive relief against Defendant Judge Jonathan Nicholas Kapetan be DISMISSED WITHOUT PREJUDICE and with leave to amend within thirty (30) days. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citing *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.").

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **twenty-one (21) days** of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified

//

//

time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **February 20, 2018**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE