UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL WELDON,<br><br>        Plaintiff,<br><br>   v.<br><br>JONATHAN NICHOLAS KAPETAN,<br>FRESNO SUPERIOR COURT, DOES 1-100,<br><br>        Defendants. | Case No. 1:17-cv-01536-LJO-SKO<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART, AND DISMISSING ENTIRE COMPLAINT WITHOUT LEAVE TO AMEND**<br><br>**(Doc. 4)** |

## I. BACKGROUND

On November 17, 2017, Plaintiff Paul Weldon ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed a complaint against the Fresno Superior Court and Fresno Superior Court Judge Jonathan Nicholas Kapetan, alleging violations of 42 U.S.C. §§ 1983, 1985, and 1986. Doc. 1 (the "Complaint").

The Complaint concerns Plaintiff's appearance before Judge Kapetan in November 2015 for arraignment on misdemeanor charges of driving under the influence ("DUI"). *See generally* Compl. at 2-5; Transcript of November 18, 2015 Hearing ("Tr.") (attached to Complaint). Plaintiff appeared *in propria persona*. Tr. at 1. While Judge Kapetan was informing Plaintiff of the charges filed against him and the attendant penalties, Plaintiff stated, "Well, actually I'm here to challenge jurisdiction . . . ," and "I'll need all the elements to the arraignment . . . ." *Id.* at 4. At Judge Kapetan's direction, the courtroom

1

deputy handed Plaintiff a copy of the criminal complaint. *Id*. at 5-6. An exchange occurred in which Plaintiff demanded the name of the deputy clerk who signed the criminal complaint. *Id*. at 6-7. Plaintiff refused to enter a plea, so Judge Kapetan entered a plea of not guilty on Plaintiff's behalf and set bond at $10,000. *Id*. at 8. At this point, realizing he would be remanded into custody pending his next court date or his ability to post bond, Plaintiff indicated his intent to consider a plea. *Id*. at 9. Judge Kapetan then took the matter off the record, and, as Plaintiff alleges, kept Plaintiff handcuffed while a public defender was summoned to the courtroom. *See* Compl. at ¶ 7. Later, Judge Kapetan recalled the case, Plaintiff withdrew his plea, and then accepted a no contest plea. Tr. at 17-18.

Plaintiff claims that he was denied due process of law during the arraignment and plea because Judge Kapetan did not provide him a true copy of the complaint and the name of the person who signed it. Compl. at. ¶¶ 2-3. Second, Plaintiff alleges that he was falsely imprisoned when Judge Kapetan kept him handcuffed for the period of time during the arraignment while a public defender was summoned to the courtroom to represent Plaintiff. *Id*. ¶¶ 5, 7-8. Third, Plaintiff alleges that he was coerced to plead guilty because he faced a Hobson's choice between pleading guilty or remaining in custody until his trial. *See Id*. Plaintiff's complaint also alleges "breach of contract" in that that Judge Kapetan is in "breach of trust and public contract" and has "abandon[ed] his oath of office," by virtue of violating Plaintiff's constitutional rights and subjecting him to public ridicule, humiliation, and embarrassment. *Id*. ¶¶ 6, 10, 14. Plaintiff appears to be asserting that this last allegation states a claim under 42 U.S.C. §§ 1981, 1985 and/or 1986. *Id*. at Caption & ¶ 12. The Complaint seeks judgment against Judge Kapetan and Fresno Superior Court, money damages and fines, and an order "remand[ing] and remov[ing] [Judge Kapetan] from office pursuant to 18 U.S.C. § 1918." *Id*. ¶ 14.

On February 20, 2018, the assigned magistrate judge issued findings and recommendations ("F&Rs") that the Complaint be dismissed with prejudice and without leave to amend, in part, as to all of Plaintiff's claims against Fresno Superior Court and as to Plaintiff's claims for declaratory relief and money damages against Judge Kapetan. ECF No. 4. The assigned magistrate judge further

2

recommended that the Complaint be dismissed without prejudice and with leave to amend, in part, as to Plaintiff's claims for prospective injunctive relief against Judge Kapetan. *Id*. The F&Rs recommended that Plaintiff be granted thirty (30) days leave to file an amended complaint. *Id*. Plaintiff was served with the F&Rs by mail, and was granted twenty-one (21) days in which to file objections to the findings and recommendations. *Id*. On March 13, 2018, Plaintiff filed objections, stating only, "Plaintiff Paul Weldon . . . submits this Objection to Magistrate[] Judge's Findings and [R]ecommendations." ECF No. 5.[1]

On April 10, 2018, this Court issued an order indicating that it intended to dismiss the entire Complaint without leave to amend, and, in an effort to give Plaintiff an opportunity to be heard on newly raised issues, ordered Plaintiff to show cause ("OSC") why the Court should not dismiss the Complaint without leave to amend. ECF No. 8. Plaintiff filed a response to the OSC. ECF No. 9. In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the undersigned has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Plaintiff's objections to the F&Rs and response to the OSC, the Court adopts the recommendations of the F&Rs in part and modifies and/or clarifies other parts as follows.

## II. SCREENING STANDARD

The F&Rs correctly set forth the applicable screening standard. Critically, if a court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). However, a complaint may be dismissed without leave to amend if amendment will be futile. *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured

---

[1] Possibly believing that the F&Rs set a deadline for the filing of an amended complaint, Plaintiff filed a first amended complaint on March 21, 2018. ECF No. 6. Because the district court had yet to adopt or otherwise address the F&Rs' recommendation regarding amendment, the lodged amended complaint was stricken. ECF No. 7. Plaintiff's response to the Court's order to show cause, ECF No. 9, demonstrates that he continues to misunderstand the nature of the F&Rs, which were only recommendations to the district judge about whether to grant Plaintiff leave to amend.

3

by amendment.")(internal quotation omitted).

## III. DISCUSSION

**A.     Claims Against Fresno Superior Court**

The Court agrees with the F&Rs that Defendant Fresno Superior Court must be DISMISSED WITHOUT LEAVE TO AMEND based upon Eleventh Amendment Immunity. This defect cannot be cured on amendment.

**B.     Claims Arising Under 42 U.S.C. §§ 1981, 1985 and/or 1986.**

The F&Rs do not address directly Plaintiffs allegations regarding 42 U.S.C. §§ 1981, 1985 and/or 1986. Section 1981 provides:

> (a) Statement of equal rights.
>
> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.
>
> (b) "Make and enforce contracts" defined
>
> For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.
>
> (c) Protection against impairment
>
> The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

42 U.S.C. § 1981. This provision prohibits private individuals as well as state actors from discriminating against an individual on the basis of his or her race with respect to that individual's right "to sue, be parties, give evidence, and to the full and equal benefit of all laws ..." *See General Bldg. Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 391 (1982). "Section 1981 cannot be construed as a general proscription of racial discrimination . . . for it expressly prohibits discrimination only in the making and

enforcement of contracts." *Patterson v. McLean Credit Union*, 491 U.S. 164, 176 (1989) (emphasis added); *see also Georgia v. Rachel*, 384 U.S. 780, 791 (1966) ("The legislative history of the 1866 Act clearly indicates that Congress intended to protect a limited category of rights"):

> In this respect, [Section 1981] prohibits discrimination that infects the legal process in ways that prevent one from enforcing contract rights, by reason of his or her race, and this is so whether this discrimination is attributed to a statute or simply to existing practices. It also covers wholly private efforts to impede access to the courts or obstruct nonjudicial methods of adjudicating disputes about the force of binding obligations, as well as discrimination by private entities, such as labor unions, in enforcing the terms of a contract.

*Patterson*, 491 U.S. at 177. As mentioned in the Court's previous order, section 1981 is simply not relevant to any claim Plaintiff raises in this case.

42 U.S.C. § 1985 is likewise not relevant to Plaintiff's factual allegations. That provision applies to conspiracies by "two or more persons" to interfere with civil rights. Plaintiff does not allege claims based on action by anyone other than Judge Kapetan, so does not allege a conspiracy, let alone one that would trigger the other requirements of Section 1985.

Finally, 42 U.S.C. § 1986 provides a cause of action against any person having knowledge of a conspiracy prohibited by Section 1985. Plaintiff has alleged no Section 1985 conspiracy, so Section 1986 is inapplicable as well. *See Abeytia v. Fresno Police Dep't*, No. 1:08-CV-01528OWWGSA, 2009 WL 1674568, at *6 (E.D. Cal. June 12, 2009) (Section 1986 claim dependent on Section 1985 claim)

Plaintiff has offered no argument to suggest that he has alleged (or can allege) any non-futile claim under 42 U.S.C. §§ 1981, 1985 and/or 1986. Therefore, any such claims are DISMISSED WITHOUT LEAVE TO AMEND.

**C.**     **Section 1983 Claims for Money Damages against Judge Kapetan**

The Court agrees with the F&Rs that any remaining claims pursuant to 42 U.S.C. § 1983 for money damages against Defendant Judge Jonathan Nicholas Kapetan must be DISMISSED WITHOUT LEAVE TO AMEND based upon *Heck v. Humphrey*, 512 U.S. 477 (1994). As the F&Rs explained, any

action that would call into question the lawfulness of a plaintiff's conviction or confinement is not cognizable outside the context of a habeas corpus claim. *See Harvey v. Waldron*, 210 F.3d 1008, 1013 (9th Cir. 2000), *overruled in part on other grounds by Wallace v. Kato*, 549 U.S. 384, 393-94 (2007); *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996). Here, a money judgment in Plaintiff's favor on his claim that his no-contest plea to the DUI was not voluntary and intelligent would obviously call the DUI conviction into question. Likewise, a judgment in Plaintiff's favor on his due process claim regarding Judge Kapetan's purported failure to provide Plaintiff with the criminal complaint and to identify the person who signed it, if true, would also implicate the validity of his conviction. *See, e.g., Vonne Ray v. Warner*, No. SA CV 15-01242-JLS (DFM), 2015 WL 5444491, *2-3 (C.D. Cal. Sept. 14, 2015) (finding due process claim of failure to give notice barred by *Heck* because it would call into question the lawfulness of plaintiff's conviction). Finally, Plaintiff's claim that he was falsely imprisoned by Judge Kapetan during his arraignment, if found true, would implicate the validity of his conviction, as the DUI charge was the basis for the handcuffing. *See Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998).

To the extent any of Plaintiff's claims are not precluded by *Heck*, the Court also agrees that, alternatively, the doctrine of judicial immunity requires dismissal of any claims against Judge Kapetan for money damages. *See Mireles v. Waco*, 502 U.S. 9, 10-12 (1991) (*per curiam*) (the only exceptions to judicial immunity from damages actions are if the actions were not taken in the judge's judicial capacity or if there is a complete absence of jurisdiction). The claims in this case all involve actions taken by Judge Kapetan in his judicial capacity and there is no non-frivolous allegation that Judge Kapetan acted in the absence of jurisdiction. Plaintiff points out that his Complaint alleges Judge Kapetan only "acquires jurisdiction upon and only upon a BONA FIED [sic] ACCUSATORY INSTRUMENT." ECF No. 9 at 2. Plaintiff misapprehends the "absence of all jurisdiction" exception. In *Stump v. Sparkman*, 435 U.S. 349, 357 (1978), the Supreme Court provided an example of when a judge might be found to have acted in the absence of all jurisdiction:

> [I[f a probate judge, with jurisdiction over only wills and estates, should
> try a criminal case, he would be acting in the clear absence of jurisdiction
> and would not be immune from liability for his action; on the other hand,
> if a judge of a criminal court should convict a defendant of a nonexistent
> crime, he would merely be acting in excess of his jurisdiction and would
> be immune.

Accordingly, Plaintiff's complaint that he was not presented with an appropriate charging instrument, even if true, does not demonstrate a clear lack of all jurisdiction. *See Gutierrez v. Atkins*, No. 2:13-CV-00245-RCJ, 2013 WL 1789594, at *2 (D. Nev. Apr. 25, 2013) (applying *Stump* to reject argument that judge's failure to provide charging instrument amounted to action in absence of all jurisdiction).

In conclusion, any claims for monetary damages against Judge Kapetan are DISMISSED WITHOUT LEAVE TO AMEND because amendment would be futile.

### D.     Section 1983 Claims for Injunctive Relief Against Judge Kapetan

The Court departs from the F&Rs with respect to its application of judicial immunity to Plaintiff's claims for injunctive relief. As to injunctive relief, in 1996, Congress amended Section 1983 to prohibit the grant of injunctive relief against judges for acts or omissions taken in their judicial capacities unless a declaratory decree was violated or declaratory relief was unavailable. 42 U.S.C. § 1983 (2012); *see* Federal Courts Improvement Act of 1996 ("FCIA"), Pub. L. No. 104-317, 110 Stat. 3847, 3853 (Oct. 19, 1996) ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.").

The phrase "declaratory relief" in the current version of § 1983 refers to the ability of a litigant to "appeal[ ] the judge's order." *Owens v. Cowan*, No. CV1703674FMOJDE, 2018 WL 1002313, at *11 (C.D. Cal. Jan. 17, 2018), report and recommendation approved, No. CV1703674FMOJDE, 2018 WL 1009268 (C.D. Cal. Feb. 16, 2018) (citing numerous cases). The state appellate system afforded Plaintiff an opportunity to appeal the voluntariness of his no contest plea on such grounds. *See* Cal. Penal Code § 1237.5. Therefore, declaratory relief, as that term is used in § 1983, was available, whether or not

7

Plaintiff took advantage of the opportunity provided by state appellate procedure. *See Sutton v. Nevada*, No. 3:17-CV-00357 MMD VPC, 2018 WL 1081709, at *4 (D. Nev. Jan. 24, 2018), report and recommendation adopted, No. 3:17-CV-00357-MMD-VPC, 2018 WL 1077281 (D. Nev. Feb. 27, 2018) (citing *Kampfer v. Scullin*, 989 F. Supp. 194, 201 (N.D.N.Y. 1997) (denying plaintiffs' claim against judge for injunctive relief because they "could have sought declaratory relief but failed to do so")). Because declaratory relief (*i.e.*, the ability to appeal) was available to Plaintiff, injunctive relief under § 1983 against Judge Kapetan for actions taken in his judicial capacity is not available, since the exceptions to the statutory bar against injunctive relief do not apply. The Court cannot envision any fact pattern in which Plaintiff could overcome Section 1983's statutory bar against injunctive relief against Judge Kapetan, and Plaintiff offers no argument to the contrary. Therefore, any such claim is DISMISSED WITHOUT LEAVE TO AMEND because amendment would be futile.

**E.     Section 1983 Claims for Declaratory Relief Against Judge Kapetan**

To the extent Plaintiff seeks declaratory relief at all in his Complaint, any claim for retrospective declaratory relief (*i.e.*, a declaration that Plaintiff's no-contest plea to DUI was not voluntary and intelligent, that Judge Kapetan violated Plaintiffs' due process rights by failing to provide Plaintiff with the criminal complaint and failing to identify the person who signed it, and/or that Plaintiff was falsely imprisoned by Judge Kapetan during his arraignment) is barred by *Heck* for the same reason(s) a money judgment on those subjects would be barred by *Heck*: such a judgment would call into question the validity of his conviction, as discussed above.

A Section § 1983 Claim for prospective (*i.e.*, forward-looking) declaratory relief is theoretically possible. *Heck* does not bar claims for prospective declaratory relief. *See Rose v. California*, 356 F. App'x 975 (9th Cir. 2009) (internal citations omitted). Likewise, neither the doctrine of judicial immunity nor Section 1983's immunity language specifically precludes claims for prospective declaratory relief. *See Yellen v. Hara*, No. CIV. 15-00300 JMS, 2015 WL 4877805, at *5 (D. Haw. Aug. 13, 2015); *Ray v. Judicial Corrs. Servs., Inc.*, 2014 WL 5090723, at *4 (N.D. Ala. Oct. 9, 2014)

("Notwithstanding § 1983's clarity regarding injunctive relief, that statute fails to address the availability of prospective declaratory relief to defeat judicial immunity").

Nonetheless, prospective declaratory relief requests are those that seek to resolve "prospective" (*i.e.*, anticipated or future) disputes and "should not be sought to correct past wrongs where other remedies exist." *Kim v. City of Belmont*, Case No. 17-cv-02563-JST, 2018 WL 500269, at *14 (N.D. Cal. Jan. 22, 2018); *see, e.g.*, *Wilkinson v. Dotson*, 544 U.S. 74, 80 (2005) 80 (inmates sought injunction and declaration against state parole procedures, not specific parole determinations). Here, the facts alleged in the Complaint all relate to specific judicial actions and determinations regarding the lawfulness of Judge Kapetan's actions with regard to Plaintiff's DUI case. The Court does not see how there is any way Plaintiff can amend his complaint to take advantage of the narrow exception to judicial immunity for prospective declaratory relief. Plaintiff offers no argument to the contrary in his response to the OSC. Accordingly, any declaratory relief claim against Judge Kapetan is DISMISSED WITHOUT LEAVE TO AMEND because amendment would be futile.

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs Complaint is dismissed without leave to amend. The Clerk of Court is directed to CLOSE THIS CASE.

IT IS SO ORDERED.

Dated: **May 9, 2018**  　　　　　　　　　**/s/ Lawrence J. O'Neill**
　　　　　　　　　　　　　　　　　　　　UNITED STATES CHIEF DISTRICT JUDGE