# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL WELDON,<br><br>    Plaintiff,<br><br>v.<br><br>JONATHAN NICHOLAS KAPETAN,<br>FRESNO SUPERIOR COURT, DOES 1-100,<br><br>    Defendants. | Case No. 1:17-cv-01536-LJO-SKO<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>**(Docs 12 & 13)** |

On November 17, 2017, Plaintiff Paul Weldon ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed a complaint against the Fresno Superior Court and Fresno Superior Court Judge Jonathan Nicholas Kapetan, alleging violations of 42 U.S.C. §§ 1983, 1985, and 1986. Doc. 1 Before the Court for decision is Plaintiff's motion for reconsideration, Doc. 12, of this Court's May 9, 2018 Order dismissing the Complaint as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and or the doctrine of absolute judicial immunity. Doc. 10. The dismissal was without leave to amend because the Court determined amendment would be futile, after giving Plaintiff an opportunity to demonstrate otherwise, which he failed to do. *Id*. As Plaintiff's own motion for reconsideration acknowledges, Doc. 13 at 2, while a pro se litigant normally should be given leave to amend to cure deficiencies, leave to amend is not required where it is absolutely clear that the deficiencies of the complaint could not be cured by amendment. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999) ("Liberality in granting a plaintiff leave to amend is subject to the qualification that the amendment not cause undue prejudice to the defendant,

is not sought in bad faith, <u>and is not futile.</u>") (emphasis added).

Plaintiff's motion for reconsideration yet again objects to the Court striking the Amended Complaint he filed on March 21, 2018, Doc. 6, which Plaintiff filed in the mistaken belief that the magistrate judge's <u>recommendation</u> that he be granted leave to amend amounted to permission to file an amended complaint. As the Court explained previously, the Court declined to adopt that aspect of the magistrate judge's findings and recommendations. As a result, Plaintiff did not have permission to file an amended complaint.

Nothing in the remainder of Plaintiff's motion for reconsideration calls into question in any way the reasoning set forth in the Court's May 9, 2018 dismissal order. Plaintiff's claims are not cognizable and cannot be cured by amendment. Accordingly, the motion for reconsideration is DENIED. This case shall remain closed.

IT IS SO ORDERED.

Dated: **May 21, 2018**     /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE